UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FESNANDO F. SANTOS #269747,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00231 ) |
| **LT. LANE, et al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Fesnando Santos, a pretrial detainee at the Davidson County Sheriff's Office (DCSO), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against DCSO officials Lieutenant Lane and Sergeant Coon. (Doc. No. 1). Plaintiff also filed an application to proceed as a pauper. (Doc. No. 2). The Complaint is before the Court for initial review under the Prison Litigation Reform Act. For the following reasons, this case may proceed for further development. Plaintiff should consult the accompanying Order for further instructions.

**I.     Application to Proceed as a Pauper**

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the full filing fee in advance. (Doc. No. 2 at 3). Accordingly, the application will be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b).

**II.    Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court must also liberally construe pro

se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Allegations

Plaintiff alleges that, as he was being booked into DCSO on April 14, 2021, he asked to be placed in a holding cell because other people in booking kept coming around him. (Doc. No. 1 at 5). Plaintiff's request was initially denied, but after he had an "altercation" with these other people, Plaintiff was put in a holding cell. (Id. at 5–6). Later, when an unidentified officer retrieved Plaintiff from the cell, the officer "tried to clip [Plaintiff's] leg." (Id. at 5). Plaintiff avoided this attempt, after which unidentified officers threw Plaintiff to the ground and sprayed mace in his face. (Id.). Around twenty officers, including Lt. Lane and Sgt. Coon, put Plaintiff in a restraint chair (id.) and wheeled him to "the crazy pod." (Id. at 6). Lane and Coon then put clamps on Plaintiff's legs so tightly that they swelled and "it felt like they w[]ere cutting [Plaintiff's] leg off." (Id. at 5). Another unidentified officer held Plaintiff's head so he could not see his feet, and someone said, "make a cut there on top of [Plainitff's] foot." (Id.). An officer then cut the top of Plaintiff's foot. (Id. at 5–6).

Plaintiff was forced to walk to his cell and lay on the floor in pain, and unidentified officers stripped Plaintiff naked. (Id. at 6). As a result of this incident, Plaintiff could not walk, and he was taken to Vanderbilt Hospital. (Id.). Vanderbilt has not complied with Plaintiff's request for his "legal medical records." (Id.).

### B. Legal Standard

To determine if the Complaint states a claim for the purpose of initial review, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s]

the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

C.  Analysis

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

1.  **Capacity of Defendants**

Before addressing the substance of Plaintiff's claims, the Court will clarify the capacity in which Plaintiff is suing the Defendants. The Complaint form has space for a plaintiff to check that a defendant is named in his individual capacity, official capacity, or both. Plaintiff checked just official-capacity for Lt. Lane, and he checked both official-capacity and individual-capacity for Sgt. Coon. (Doc. No. 1 at 2). "However, a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" individual-capacity claims. Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003). The Court "employ[s] a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." Id. (citing Shepherd v. Wellman, 313 F.3d 963, 967 (6th Cir. 2002)). In doing so, the Court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any

3

defenses raised in response to the complaint." Goodwin v. Summit Cnty., 703 F. App'x 379, 382 (6th Cir. 2017) (quoting Moore v. City of Harriman, 272 F.3d 769, 772 n.1 (6th Cir. 2001)).

Here, Plaintiff alleges that Lt. Lane was personally involved in the events giving rise to this action in the same manner as Sgt. Coon, and Plaintiff requests compensatory damages from each Defendant. (Doc. No. 1 at 7 (requesting that the Court order each defendant to "compensate [him] for [his] injur[ie]s")). These factors reflect that the Complaint provides sufficient notice to Lane of his potential individual liability. See Moore, 272 F.3d at 773. And "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against [a] defendant[] individually, this doubt should be resolved in [] favor [of] a pro se plaintiff." Lindsay v. Bogle, 92 F. App'x 165, 169 (6th Cir. 2004) (citing Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999)). Accordingly, the Court will consider this action as being brought against both Defendants in their individual and official capacities.

### 2. Dismissal of Official-Capacity Claims

Both Defendants are DCSO employees (Doc. No. 1 at 2), so Plaintiff's official-capacity claims are essentially against Davidson County. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). To state a claim against a municipal entity like the County, Plaintiff must allege that the County's policy or custom directly caused him to suffer a constitutional violation. Hardrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). Here, Plaintiff does not make any allegations from which the Court can reasonably infer that Defendants' conduct was attributable to a policy or custom of the County. Accordingly, Plaintiff's official-capacity claims will be dismissed.

4

Case 3:22-cv-00231  Document 5  Filed 05/09/22  Page 4 of 6 PageID #: 20

### 3. Individual-Capacity Claims

As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment establishes Plaintiff's right to be free from excessive force. Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 537–38 (6th Cir. 2015) (discussing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)). "[W]hen assessing pretrial detainees' excessive force claims [the Court] must inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" Id. at 538 (quoting Kingsley, 135 S. Ct. at 2473). This inquiry should "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" Kingsley, 135 S. Ct. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 540 (1979)).

Pretrial detainees may also sue jail officials for failing to prevent harm under the Fourteenth Amendment's objective-minded standard. See Westmoreland v. Butler Cnty., Ky., 29 F.4th 721, 728 (6th Cir. 2022) ("[The Sixth] Circuit has now explicitly taken the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly.") (citing Brawner v. Scott Cnty., Tenn., 14 F.4th 585, 596 (6th Cir. 2021)). To state a failure-to-protect claim, a pretrial detainee must allege that an official acted in a manner that: (1) was intentional; (2) put the plaintiff at substantial risk of serious harm; (3) failed to take reasonable steps to abate that risk; and (4) actually caused the plaintiff's injuries. Id. at 729–30 (applying Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Here, addressing Plaintiff's allegations chronologically, he does not allege that Lt. Lane and Sgt. Coon were among the officers who threw him down and maced him, nor does he allege

5

facts from which the Court can reasonably infer that Lane and Coon put Plaintiff at risk of that act occurring. But accepting Plaintiff's allegations as true, Lane and Coon subsequently clamped Plaintiff's legs so tightly that they swelled and Plaintiff felt like they were being cut off. Plaintiff states a plausible excessive force claim against Lane and Coon on this basis. Additionally, although Plaintiff does not provide much detail about the specific actions each officer took next, he does allege that Lane and Coon were present when someone intentionally cut the top of his foot—indeed, construing the Complaint in Plaintiff's favor, it is reasonable to infer that either Lane or Coon was the individual who performed that action. Accordingly, Plaintiff states a separate claim of excessive force or failure-to-protect against Lane and Coon on this basis as well. As to Plaintiff's undeveloped allegation that unidentified officers stripped him naked in his cell following this incident, however, Plaintiff does not provide a basis to reasonably infer that Lane and Coon were involved in or aware of that action, so Plaintiff fails to state a claim on this basis at this time.

### III. Conclusion

For these reasons, the Court concludes that Plaintiff states the following two claims against Lt. Lane and Sgt. Coon in their individual capacities: an excessive force claim for the manner in which they clamped Plaintiff's legs, and a claim of excessive force or failure-to-protect for the cut on Plaintiff's foot. These claims will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order, and all other claims will be dismissed.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE