# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FESNANDO F. SANTOS,<br>    Plaintiff, | )<br>) |
| v. | ) Case No. 3:22-cv-00231<br>) Chief Judge Crenshaw<br>) Magistrate Judge Frensley |
| LT. LANE, *et al.*,<br>    Defendants. | )<br>) |

## REPORT & RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss. Docket No. 12. Defendants also filed a Memorandum of Law in Support of Their Motion to Dismiss. Docket No. 13. Plaintiff subsequently filed a Motion for Federal Tort Claim. Docket No. 14. Defendants filed a Reply in Support of Their Motion to Dismiss and/or Response to Plaintiff's Motion for Federal Tort Claim. Docket No. 15. For the reasons stated below, the undersigned recommends that Defendants' Motion (Docket No. 12) be **GRANTED** and that the Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** to re-filing after Plaintiff has exhausted the jail grievance process.

### I.    INTRODUCTION & BACKGROUND

On April 1, 2022, Plaintiff filed a pro se Complaint (Docket No. 1) alleging violations of his civil rights pursuant to 42 U.S.C. §1983. Plaintiff identified the specific constitutional right violated as "8th Amendment cruel and unusual punishment." Docket No. 1, p. 5. At the time of the alleged violations, Plaintiff was a pretrial detainee in custody of the Davidson County Sheriff's Office ("DCSO") at the Downtown Detention Center ("DDC") in Nashville, Tennessee. *Id.* at 1; Docket No. 13, p. 1.

Plaintiff's Statement of Facts alleges various instances of force used against him by DCSO officers that Plaintiff asserts constitute cruel and unusual punishment in violation of the Eighth

Amendment. On April 14, 2021, Plaintiff was being booked into DDC custody. Docket No. 1, p. 5. Plaintiff asked to be put in the holding cell because he "had people following [him] on the street" and "the people kept coming around [him]." *Id.* Plaintiff then wanted to be "let out," but was not, which resulted in an "altercation" that led to Plaintiff being placed in a restraint chair. *Id.* Plaintiff claims that Lt. Lane and Sgt. Coon "put clamps so tight on [his] legs that they swell[ed] up" and "it felt like they were cutting [his] leg off." *Id.* Plaintiff claims another, unidentified officer was "holding [Plaintiff's] head so [he] couldn't see what they were doing." *Id.* Plaintiff claims he overheard an officer say, "make a cut there," and that there is a cut on the top of his foot because of what the officers did to his legs. *Id.* at 5-6.

Plaintiff additionally claims that he was maced while in booking. *Id.* at 6. Plaintiff claims that when he was taken out of his holding cell, he was compliant, but that an officer named Morgan "tried to clip [Plaintiff's] leg for nothing which resulted in [Plaintiff] overstepping his clip." *Id.* Plaintiff claims he was then thrown to the ground and that his face was sprayed with Mace. *Id.* Plaintiff alleges he was then brought to "4B the crazy pad," and that "that's where they all did what they did to [him]." *Id.* Plaintiff claims he was made to walk to his cell while in pain from his leg injuries and was not offered help, and that the pain was so severe that he "couldn't even bend down." *Id.* Plaintiff also alleges that the officers stripped him naked. *Id.* Plaintiff asserts that he "was violated and humiliated" and that his Eighth Amendment right was violated. *Id.* Plaintiff states that he could walk when he entered DCSO custody, but that after his experiences with the DCSO officers he couldn't walk, which Plaintiff asserts was cruel and unusual punishment. *Id.* As relief, Plaintiff states that he wants to be compensated for his injuries. *Id.* at 7.

Plaintiff's Complaint indicates that Plaintiff did not present the facts of his lawsuit to prison authorities through the state grievance procedure. Docket No. 1, p. 4. Plaintiff's explanation states

"a grievance would not work I had to go to the hospital." *Id.* Plaintiff also answered "no" to a question asking if he had presented the facts of his lawsuit to the authorities who operate the detention facility. *Id.* Plaintiff's explanation states he had not done so "[b]ecause they were the ones who put [him] in the hospital." *Id.* at 5.

## II. LAW & ANALYSIS

Defendants argue that Plaintiff's case should be dismissed because Plaintiff "failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. §1997e ("PLRA")." Docket No. 12, p. 1. The PLRA provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1977e(a).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). Failure to exhaust "is an affirmative defense under the PLRA," and plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, as Judge Trauger has previously found in the context of initial review, "[w]here it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, sua sponte dismissal is appropriate." *Stone v. Tennessee*, No. 3:15-cv-00018, 2015 WL 1275382, at *2 (M.D. Tenn. Mar. 19, 2015). The dismissal of a complaint on such grounds is without prejudice and allows the plaintiff to re-file after exhausting available remedies. *Id.* at *3.

Additionally, 6th Circuit precedent clarifies that the exhaustion requirement "is a strong one," and subject to few exceptions. *Napier v. Laurel Cty.*, 636 F. 3d 218, 222 (6th Cir. 2011). Even in instances where "the state cannot grant the particular relief requested," or where a prisoner believes "the remedy is not available" or "the procedure to be ineffectual or futile," exhaustion is still required in order to further the purposes behind the PLRA. *Id.* (citations omitted). Defendants point to the affirmation in Plaintiff's Complaint that Plaintiff did not present the facts alleged in his Complaint to DCSO authorities. Docket No. 13, p. 4; *see* Docket No. 1, p. 5. As this Court recently acknowledged,

> The DCSO has a grievance policy (Doc. No. 73-1) and the procedures are set forth in the inmate handbook that is available to an inmate upon intake. (Doc. No. 73-2). The policy requires any "complaint about a jail policy, practice, condition or employee" be put in writing and placed in the "Grievance Box" or given to a mail clerk. (Doc. No. 73-2 at 16). If an inmate disagrees with the response, he or she can appeal to the "facility administrator." (Id.).

*King v. Chambers, et al.*, No. 3:20-CV-00379, 2022 WL 178830, at *2 (M.D. Tenn. Jan. 19, 2022).

Because Plaintiff did not present his grievances to DCSO through the available administrative process, he has failed to satisfy the requirements of the PLRA for bringing a claim about prison conditions under federal law. *See* 42 U.S.C. §1997e(a). Plaintiff's presented explanations that "a grievance would not work" and that DCSO officers are "the ones who put [him] in the hospital" do not excuse Plaintiff from the PLRA's exhaustion requirement. *See Napier*, 636 F. 3d at 222.

The Court interprets Plaintiff's Motion for Federal Tort Claim (Docket No. 14) as a response to Defendant's Motion to Dismiss (Docket No. 12) and a request for the Court to order Defendants to produce evidence related to Plaintiff's claims. Plaintiff's Motion does not address

4

Case 3:22-cv-00231    Document 16    Filed 10/06/22    Page 4 of 6 PageID #: 61

Defendant's Motion directly, nor does Plaintiff address the issue of his failure to exhaust administrative remedies for his claims. *See generally* Docket No. 14. Rather, Plaintiff argues that under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §931, the Court may order DCSO to produce photos and video evidence relating to Plaintiff's case. *Id.* at 3-4. Plaintiff asserts that if such video evidence was produced showing Plaintiff in the restraint chair, the Court would "clearly see violations" of his civil rights under the Eighth Amendment. *Id.*

Even if Plaintiff is correct about the impact of this alleged evidence, the production of such evidence before the Court at this time would not change the fact that Plaintiff must first exhaust all available administrative remedies prior to bringing suit. *See Napier*, 636 F. 3d at 222. On its face, Plaintiff's Complaint affirmatively states that Plaintiff has not exhausted his administrative remedies. Docket No. 1, p. 4. Accordingly, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and sua sponte dismissal is appropriate. *See* 42 U.S.C. §1997e(a); *Stone*, 2015 WL 1275382, at *2

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 12) be **GRANTED** and that the Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** to re-filing after Plaintiff has exhausted the jail grievance process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**